## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GERRELL WASHINGTON**                     **CIVIL ACTION**

**versus**                                        **NO. 07-3861**

**LYNN A. COOPER (WARDEN) A.V.C.**          **SECTION: "I" (6)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Gerrell Washington, is a state prisoner incarcerated at the Avoyelles Correctional Center, Cottonport, Louisiana.  On April 1, 1999, he pleaded guilty to distribution of cocaine and was sentenced to a term of twenty years imprisonment.  On that same date, he also pleaded guilty to armed robbery and was sentenced on that conviction to a term of twenty years imprisonment without benefit of probation, parole, or suspension of sentence.  It was ordered that his sentences run concurrently.[2]

On or about June 11, 2007, petitioner filed the instant federal application for *habeas corpus* relief.[3]  In support of his application, he claims that his guilty pleas were involuntary and that the trial court failed to advise him of the deadline for seeking state post-conviction relief.  The state contends that petitioner's federal application is untimely.[4]  The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final."  Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[5]

As noted, on April 1, 1999, petitioner pleaded guilty and was sentenced.  Because he did not file a direct appeal within the five days allowed by state law, his convictions and

---

[2] State Rec., Vol. I of III, transcript of April 1, 1999; State Rec., Vol. I of III, minute entry dated April 1, 1999; State Rec., Vol. I of III, guilty plea form.

[3] Petitioner filed this application with the United States District Court for the Western District of Louisiana; however, the matter was subsequently transferred to this Court.

[4] Rec. Doc. 11.

[5] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

sentences became final no later than April 8, 1999.[6]  Accordingly, pursuant to 28 U.S.C. §

2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief

with respect his state criminal judgments commenced on that date and expired one year later, i.e.

on April 10, 2000,[7] unless that deadline was extended through tolling.

   The Court first considers statutory tolling.  The AEDPA provides that the statute of

limitations is tolled for the period of time during which a properly filed application for state post-

conviction relief or other collateral review attacking a conviction or sentence is pending in state

court. 28 U.S.C. § 2244(d)(2).  However, petitioner had no applications attacking these convictions

or sentences pending before any state court at any time from April 8, 1999, through April 10, 2000.[8]

---

[6]  See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final upon the failure of the defendant to make a timely motion for appeal).  At the time of petitioner's convictions in 1999, La.C.Cr.P. arts. 13 and 914 provided that a defendant had five days, not including legal holidays and half-holidays, to notice his intent to appeal a conviction or sentence. In Louisiana, all Sundays are legal holidays and (except in Washington Parish under certain circumstances) all Saturdays are, depending on the locality, either holidays or half-holidays. La.Rev.Stat.Ann. § 1:55(A).  In 1999, April 3 was a Saturday and April 4 was a Sunday; therefore, out of an abundance of caution, this Court will not count those two days against petitioner when calculating the date his convictions became final.
  The Court also notes that, subject to certain exceptions, a guilty plea normally results in a waiver of a defendant's right to appeal non-jurisdictional defects in the proceedings prior to the plea. See State v. Crosby, 338 So.2d 584 (La. 1976).  In this case, however, the Court need not decide whether petitioner had a right to appeal his convictions pursuant to La.C.Cr.P. art. 914, in that his application for federal *habeas corpus* relief is untimely regardless of whether his convictions were final upon the expiration of the time within which to notice an intent to appeal (April 8, 1999) or upon his pleas (April 1, 1999).

[7] Because April 8, 2000, fell on a Saturday, the AEDPA's statute of limitations was extended until the end of the following Monday, April 10.  See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

[8] The Court notes that petitioner subsequently sought post-conviction relief in the state courts; however, state applications filed *after* the expiration of the federal statute of limitations have no

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief challenging these convictions had to be filed on or before April 10, 2000, in order to be timely.  Petitioner's federal application was not filed until on or about June 11, 2007,[9] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Gerrell Washington be **DISMISSED WITH PREJUDICE**.

---

bearing on the timeliness of a *habeas* petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

[9] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  The record does not reflect when petitioner gave his undated application to prison officials for mailing; however, it was mailed to the court in an envelope metered on June 11, 2007.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  21st  day of August, 2008.


**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**